UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA,**          CASE NO.  20-CR-20245-RNS-1

        **Plaintiff,**

**vs.**

**JONATHAN GUERRA BLANCO,**

        **Defendant.**
_____/

**DEFENDANT, JONATHAN GUERRA BLANCO'S
REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO
PRESENTENCE INVESTIGATION REPORT**

**COMES NOW** the Defendant, **JONATHAN GUERRA BLANCO**, by and through his undersigned counsel, and presents herewith, his Reply to Government's Response to Defendant's Objections to the Presentence Investigation Report, and states as follows:

The Government's response asserts the Defendant produced for dissemination videos on behalf of ISIS calling for violent jihad, in various foreign languages; that as a result thereof the Defendant's conduct expanded the reach of ISIS violence to the entire Spanish-speaking world, and that the purpose of disseminating these violent videos was to further the influence and promote the message of ISIS.

At the risk of being overly repetitive, the requirements for the application of the "Terrorist Enhancement" will be briefly set forth herein solely with regard to the narrow issue at hand, to wit: Whether Jonathan Guerra Blanco's own intent and offense conduct was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct?

The term "federal crime of terrorism" is defined as "an offense that is ... calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against

government conduct," 18 U.S.C. § 2332b(g)(5)(A), **and** that "is a violation of" certain enumerated statutes, 18 U.S.C. § 2332b(g)(5)(B). Both parts of §2332b(g)(5) must be satisfied for the enhancement to apply. *See United States v. Tankersley*, 537 F.3d 1100, 1113 (9th Cir. 2008); *United States v. Parr*, 545 F.3d 491, 504 (7th Cir. 2008).

The material support statute, by contrast, requires proof that a defendant attempted to, conspired to, or did provide "material support or resources to a foreign terrorist organization," knowing "that the organization is a designated terrorist organization" or "that the organization has engaged or engages in terrorism." 18 U.S.C. § 2339B(a)(1). It is possible for a defendant to provide material support to a terrorist group in violation of 18 U.S.C. § 2339B(a)(1) without intending that the support or resources would influence, affect, or retaliate against government conduct to satisfy the first prong of the definition of federal crime of terrorism. *See, e.g.*, *United States v. Chandia* (*Chandia I*), 514 F.3d 365, 376 (4th Cir. 2008)

First, there is no question that the offense to which the Defendant has entered his plea of guilty is one of the enumerated offenses. However, the Government has a problem with regard to the other requirement, that Jonathan Guerra Blanco's own intent and conduct was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government.

To try to overcome that burden, the Government attempts to back-track from the recent Eleventh Circuit Court of Appeals' opinion in *United States v. Francisco Joseph Arcila Ramirez,* 16 F.4th 844 (11th Cir. 2020), decided November 1, 2021, where the Eleventh Circuit vacated Arcila Ramirez's sentence and remanded the case for resentencing and fact findings as to whether Arcila Ramirez's offense conduct was "calculated" to influence, affect, or retaliate against government conduct, and whether he had the specific intent to do so. The Government in its

2

response essentially asks this Honorable Court to ignore the *Arcila Ramirez* case, and only look to the prior case law that was somewhat distinguished by the *Arcila Ramirez* court in various respects.[1]

The *Arcila Ramirez* court held as an apparent matter of first impression that, (1) to satisfy the "calculated" prong of the statute defining a federal crime of terrorism, the Government must show that the Defendant's offense conduct was planned to influence, affect, or retaliate against government conduct, and (2) that the imposition of the terrorism sentencing increase was erroneous in that case. Further, the court stated that "calculated" imposes an intent requirement, and for U.S.S.G. §3A1.4 to apply, the Government must satisfy the "calculated" prong of §2332b(g)(5)(A). To do that, the government must show that *the defendant's offense conduct was planned to influence, affect, or retaliate against government conduct, even if that was not the Defendant's personal motive.* (Emphasis supplied.)

Ultimately, the *Arcila Ramirez* court found that "with no *"calculated"* or *specific intent* finding at all, the district court erred in applying §3A1.4's terrorism enhancement." (Emphasis supplied.)

In the case at bar, the Government attempts to answer the *"calculated"* and *"specific intent"* questions, by pointing to the following conduct:

● That the Defendant translated a document into Spanish that had been previously published in English in 2010, when the Defendant was fourteen (14) years old. The document provided Spanish-translated encouragements and instructions on how to effectively conduct a vehicle attack against pedestrian targets.

---

[1] It is interesting to note that the argument contained within the Government's response in this case is substantially identical to the argument that was put forth by the Government in the *Arcila Ramirez* case regarding the applicability of the Terrorism Enhancement.

It is submitted that this was not offense conduct that is ... calculated to influence or affect the conduct of *government* by intimidation or coercion, or to retaliate against *government* conduct.

- That the Defendant produced and coordinated the dissemination of a video which threatened and encouraged terrorist attacks in Madrid, Spain, on behalf of ISIS. The video, was reported by Spanish news outlets, and included video footage of Christmas celebrations at a landmark public square in Madrid. The video featured narration and subtitles which stated, among other things, "don't let them celebrate in peace," and "kill them, give them jihad!" As a result of the video's release, a planned concert of Venezuelan musicians at the public square was cancelled, citing the terrorist threat.

It is submitted that this was not offense conduct that is ... calculated to influence or affect the conduct of *government* by intimidation or coercion, or to retaliate against *government* conduct. Further, it should be noted that the concert of Venezuelan musicians at the Christmas celebration at the public square was planned and organized by a Non-Governmental Organization ("NGO").

Further, the interruption or cancellation of a concert is not a governmental function, unlike what happened in Washington on January 6, 2021, which was an insurrection and clearly interfered with a governmental function, to wit: accepting and certifying election results.

Lastly, in the Government's efforts to show that the Defendant's conduct was "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct," the Government notes that the Defendant agreed that:

> *ISIS engages in* and has engaged in terrorist activity and that ISIS engages in and has engaged in terrorism…. *ISIS has equated* the value of propaganda on its behalf to that of ISIS soldiers waging violence… *ISIS has called* for people to contribute their social media services to its cause to invigorate its terrorists.... *ISIS use[s]* these online tools [social media applications, video sharing sites, and other internet-based sites and applications] to distribute *their official communications* inexpensively, safely, and broadly. In addition, *ISIS ... use[s]* these online tools to communicate (publicly and privately) with sympathizers and potential recruits, and to distribute *their* … messages to legitimate media outlets, in order to draw attention to the organization, recruit new members, raise money, and promote violent jihad, *all in an effort to carry out the terrorism related goals of the organization*. (Emphasis supplied.)

The Government then states in-part, "… *as a general matter, the defendant pleaded guilty to attempting to provide material support to ISIS and admitted in the Statement of Facts that he knew ISIS engages and engaged in terrorism*, and agrees that terrorism involves acts that appear to be intended to "intimidate or coerce a civilian population, to influence the policy of government by intimidation or coercion, or to affect the conduct of a government," the Government then asserts that, "all three of which answer in the affirmative the question at issue: whether defendant's conduct was "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." (Emphasis supplied.) *Arcila Ramirez*, at 849-850; U.S.S.G. § 3A1.4(a).

Most respectfully, the above statement of the Government demonstrates with crystal clarity that they are in lock-step with the erroneous application of the Terrorism Enhancement that *Arcila Ramirez* found, since it was based solely on the belief that the mere fact that the Defendant had pled guilty to knowingly providing material support to a known foreign terrorist organization *per se* triggered the terrorism enhancement.

The conduct of the Defendant was not calculated to influence or affect government conduct by intimidation or coercion just because he knew he was providing "support" to ISIS sympathizers and knew that ISIS is a terrorist organization. It is simply wrong to conclude that since any support given to a terrorist organization ultimately inures to the benefit of its terrorist purposes, and that this is sufficient to apply the terrorist enhancement. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 29, 130 S.Ct. 2705, 177 L.Ed.2d 355 (2010). This reasoning, that since any support given to a terrorist organization ultimately inures to the benefit of its terrorist purposes, misses the mark in the context of the terrorism enhancement because it fails to properly differentiate between the

intent required to sustain a material support conviction pursuant to 18 U.S.C. §2339B(a)(1) and the intent required to trigger the terrorism enhancement pursuant to U.S.S.G. §3A1.4.

The material support statute requires only that the defendant have "knowledge of the foreign group's designation as a terrorist organization or the group's commission of terrorist acts." Section 3A1.4, in contrast, requires the defendant's specific intent that the offense conduct "influence or affect the conduct of government by intimidation or coercion." 18 U.S.C. § 2332b(g)(5)(A).

                                             Respectfully submitted,

Ana M. Davide, Esq.
Florida Bar No. 875996
ANA M. DAVIDE, P.A.
 420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305) 854-6100
Fax: (305) 854-6197
E-mail:  ana@anadavidelaw.com
(Counsel for Def., *Jonathan Guerra Blanco.*)

*/s/ Ana M. Davide*
Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of January, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                Ana M. Davide, Esq.
Florida Bar No. 875996
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305) 854-6100
Fax: (305) 854-6197
E-mail:  ana@anadavidelaw.com
(Counsel for Def., *Jonathan Guerra Blanco.*)

*/s/ Ana M. Davide*
Ana M. Davide, Esq.

## SERVICE LIST

**United States of America v. Jonathan Guerra Blanco**
**Case No. 20-CR-20245-RNS-1**
**United States District Court, Southern District of Florida**

Karen E. Gilbert, A.U.S.A.
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9161
Fax: 305-536-7213
Email: karen.gilbert@usdoj.gov

Nicole Grosnoff, A.U.S.A.
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9294
Email: nicole.s.grosnoff@usdoj.gov

Clara Lyons
U.S. Probation Officer
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 9th Floor South
Miami, FL 33128
305-523-5374
Clara_Lyons@flsp.uscourts.gov