UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20245-CR-SCOLA

UNITED STATES OF AMERICA

v.

JONATHAN GUERRA BLANCO,
         **Defendant.**
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND VARIANCE

The United States, by and through the undersigned Assistant United States Attorney, hereby responds to Defendant Jonathan Guerra Blanco's Sentencing Memorandum and Request for Downward Departure and Variance (DE *Sealed* 77). This court should deny the defendant's request for such a significant downward departure and variance and sentence this defendant to twenty years (240 months') imprisonment.

The defendant plead guilty to a one count Information, which charged him with providing material support to ISIS, in violation of Title 18, United States Code, Section 2339B.

Although the advisory guideline range for this conviction is 360 months to life imprisonment, 240 months is the statutory maximum for this offense.

*Downward Departure*

Defendant argues in his pleading that he is entitled to a downward departure on two grounds.

    *Psychological and Physical Health of Defendant- USSG § 5H1.4*

According to both experts who evaluated the defendant or reviewed his medical records,

he has significant physical and psychological concerns. The government fully supports treatment of the defendant; however, we disagree that it should be a basis for a downward departure from twenty-years' imprisonment. Neither of these conditions prevented him from supporting and encouraging violent jihad in support of terrorism, in which he actively participated for at least three years from 2018 to 2020. The defendant does not have an "extraordinary impairment" as required by the guidelines for a departure.

*Age- USSG § 5H1.1*

Defendant argues that he should receive a departure because he was 22 years old when he committed this act of terrorism.

In this case, defendant's age does not create factors to such an unusual degree that would distinguish the case from the typical cases covered by the guidelines. Yes, we agree as stated in the defense motion, that young people do stupid things. However, this conduct occurred for over a two-year period. This cannot be said to be a "stupid thing". The case cited by Guerra Blanco in support of this departure was that of a one-time drug courier. That case is simply not analogous to the case at bar.

*Title 18, United States Code, Section 3553(a) Factors*

The factors most relevant to this case are:

(a) The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
…

The sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, and the need to afford adequate deterrence. These factors support a twenty-year sentence.

In his motion, Guerra Blanco focuses solely on his history and characteristics, without ever addressing the nature and circumstances of the offense, the seriousness of the offense, and affording adequate deterrence to criminal conduct.

The nature and circumstances of this offense are obvious. Guerra Blanco was promoting violent jihad on innocent people. He was promoting murder. Guerra Blanco proclaimed to be the leader of Muntasir Media for a full year before his arrest. He was involved with this media group for an additional year prior to taking it over. He disseminated ISIS propaganda calling for violence all around the world. Some of the propaganda he produced or was involved in was brought to the Spanish-speaking world for the first time. Because his propaganda was disseminated on the internet, we cannot determine the entire, long-term effect of his actions. Some of his material still exist on the internet, to be shared by those interested in committing violent actions.

Examples of Defendant's communications with undercover employees demonstrate that he was directing Muntasir Media:

- In late January 2020, Guerra shared the Open Source Jihad document/article[1] (entitled: How to Make a Bomb in the Kitchen of your Mom) with Online Covert Employee (OCE)1. Contemporaneously Guerra also sent OCE1 the Flames of War II video, with the instruction "Share the video. Download it and share it carefully".

- In February 2020, Guerra Blanco wrote "The [Telegram] channel link is for brothers to join, download and share… I have to organize a web of sharers."

---

[1] This violent jihad video with step-by-step instructions on how to make a pressure cooker bomb is described in detail on page 5 and will be an Exhibit at the sentencing hearing.

- In March 2020, Guerra requested OCE1 translate into Spanish another Open Source Jihad article that may have never been released. "Do it brother. Do you have the [AQ Inspire] magazines? … Search for inspire magazine Open Source Jihad…where it says "mail bmb … it's a sensitive topic."

The defendant's conduct was extremely serious. Arguably, his conduct couldn't be more serious in that this propaganda encouraged the killing of people. He supported and encouraged others to support and act on behalf of ISIS.

A twenty-year sentence would be just punishment for the actions of the defendant. He acted without regard for human life. Further, a twenty-year sentence would provide adequate deterrence to others. A severe sentence for this conduct would hopefully deter others from attempting to act in a similar way.

Guerra Blanco asks this court to consider additional factors under its 3553 analysis such as genuine remorse and assistance to the government.

The defendant has not shown genuine remorse to a level that supports any reduction. Initially, he minimized his involvement. For example, a hand-drawn ISIS flag was found in his room, and when he was questioned about why he had this flag, he stated that he likes to draw. Further, in his post-arrest statement, when confronted he claimed his actions were completely legal and that he was conducting research. He compared his activity to an academic research website, Jihadologly,com. When he agreed to attempt to cooperate, after months of back and forth, he provided a password (87 characters) to one of the hidden drives on one of his computers. In the final debrief, in October 2021, a year after his arrest, he finally expressed his remorse.

The defendant expressed an interest in cooperating, however, he provided information

4

that ultimately was of little value. The defendant's attempted cooperation did not assist agents in identifying any other potential target or thwarting any criminal activity. There will be no Government Motion for any sentence reduction based upon cooperation. Once agents were finally able to get access to his computers, agents found evidence of additional criminal conduct. Prior to accessing his computers, agents had circumstantial evidence of his production and dissemination of videos and other propaganda. When they accessed his computer, they found additional evidence of each step of the process he undertook to produce the propaganda, and, most importantly, one of the methods of dissemination of the violent material.

### *Threat to Spanish Judge*

In early October 2019, an induvial who Guerra Blanco had been conspiring with was arrested in Spain. Prior to the arrest, Muntasir Media had disseminated a video threatening a judge presiding over counter-terrorism cases. After the arrest, Guerra Blanco edited the video, including English subtitles and stating, "you will die Jose De La Mata" (the actual name of the Spanish Judge). The computer-generated metadata associated with the video proves that Guerra Blanco began work on this video on October 6th and he released the video on October 7th.

On October 7, 2019, an online terrorism monitoring group reported about the release of this video on the group's Twitter Account.

### *Open Source Jihad*

Guerra Blanco disseminated three documents entitled Open Source Jihad[2]. These were originally published years before by AQAP as part of their online magazines in English called "Inspire". Guerra Blanco translated and/or coordinated the translation of the first two into Spanish for the first time. In January 2020, he translated and disseminated the instructions on "How to Make A bomb in the Kitchen of Your Mom". This demonstrates, step-by-step and in

---

[2] All three of these articles will be provided as Exhibits at the hearing.

pictures, how to make a bomb with a pressure cooker.

In February 2020, he translated and/or caused to be translated and disseminated volume two, The Ultimate Mowing Machine, Tips for our Brothers in the West. This article, like the other two, gives readers suggestions on how to wage their individual jihad, specifically, to conduct an attack using a vehicle to run over pedestrians.

In July 2020, Guerra Blanco disseminated the third Open Source Jihad, entitled Fire Starting Guide in America. This instructional article describes how to do great damage by starting fires.

During the debriefs, he admitted to disseminating all three of these Open Source Jihad articles.

*Pledge to ISIS*

During the search of defendant's computer, agents discovered an audio file in which Guerra Blanco pledges, in September 2019, his allegiance to ISIS, and, at the time, its leader. This is one full year before his arrest. A translation of the audio reveals that he stated:

*We pledge allegiance to the Prince of the Believers, the Caliph al-Ibrahim al-Awad Ibn Ibrahim al-Qureishi al-Hussaini, to hear and to obey, in ease and in hardship, when enthusiastic and when reluctant, to acknowledge his authority upon us, and to not defy him unless we see him display clear infidelity, evidence for which can be demonstrated through Allah.*

*Sophisticated use of computer technology to avoid detection*

Because of Guerra Blanco's significant knowledge of computer and internet security, he was extremely difficult to initially identify. Even after his arrest, the execution of the search warrants for his devices was hampered by the steps he had in place to protect the security of his devices. Among the many techniques he employed, he utilized numerous hidden volumes, used fictious file endings, and disguised files as photographs. If he were to return to criminal conduct upon his release, he would be even more cautious and take additional steps to avoid law

enforcement on the internet. Any recidivism would be unknown, and he would leave no footprint.

*Acceptance of Responsibility*

The Government certainly recognizes the court's discretion to sentence the defendant below the statutory maximum based upon *United States v. Rodriguez*, 64 F.3d 638 (11th Cir. 1995). However, this is a terrorism case. Because of the nature of the case, the sentence and the resulting guidelines are extremely significant. The defendant was producing and disseminating on the internet, in support of ISIS, material on how to kill innocent people. Just reading the purpose of the Open Source Jihad materials should convince this court that this defendant should be sentenced to the statutory maximum.

> Open source jihad: A resource manual for those who loathe the tyrants; includes bomb making techniques, security measures, guerrilla tactics, weapons training and all other jihad related activities.

- informal A disaster for the repressive imperialistic nations: *The open source jihad is America's worst nightmare.*
- It allows Muslims to train at home instead of risking a dangerous travel abroad: *Look no further, the open source jihad is now at hands reach.*

*Conclusion*

The government certainly recognizes that this court has the discretion to sentence Defendant to a sentence below the statutory maximum of twenty years, however, we assert that the court should not, under these facts and circumstances, exercise such discretion. Based upon the above, pursuant to Title 18, United States Code, Section 3553(a), the factors to be considered

in imposing sentence, a twenty-year sentence is reasonable and appropriate.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: /s/ *Karen E. Gilbert*
Karen E. Gilbert
Assistant United States Attorney
Florida Bar No. 771007
99 N.E. 4th Street, Suite 815
Miami, Florida 33132
Tel: (305) 961-9161
Fax:(305) 536-4675
karen.gilbert@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ *Karen E. Gilbert*
Karen E. Gilbert
Assistant United States Attorney

8