**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA,**                    **CASE NO. 20-CR-20245-RNS-1**

                 **Plaintiff,**

**vs.**

**JONATHAN GUERRA BLANCO,**

                 **Defendant.**

_____/

## DEFENDANT, JONATHAN GUERRA BLANCO'S
## EMERGENCY MOTION FOR A "KASTIGAR HEARING"

    **COMES NOW** the Defendant, **JONATHAN GUERRA BLANCO,** by and through his undersigned counsel, and presents herewith, his Emergency Motion for a "Kastigar Hearing," and states as follows:

    *(This motion is filed as an emergency inasmuch as the Sentencing Hearing in this cause is scheduled to commence tomorrow morning (January 28, 2022) at 8:30 a.m. Yesterday (January 26. 2022) at 10:05 p.m., the Government filed its Response to Defendant's Motion for Departure and/or Variance [D.E. 80] which reflects its serious violation and further intent to violate the Kastigar Letter entered into between the parties.)*

    1.    On January 24, 2022, the Defendant filed his *Under Seal* Motion for a Downward Departure and/or Variance pursuant to the Title 18 U.S.C. §3553(a) Factors.

    2.    On January 26, 2022, the Government filed its Response to Defendant's Motion for Departure and/or Variance. [D.E. 80]

    3.    In its filing, the Government's cites to information obtained *directly* from the Defendant's computer. During the debriefings, the Defendant supplied the access password that enabled the agents to access the content in his computer.

4.     The Government's use of the information at the sentencing hearing that was obtained from the Defendant's computer would be a clear violation of the Kastigar Letter executed by the parties in furtherance of those debriefings.   The terms of said Kastigar Letter are incorporated by reference as is set forth fully herein.  (The Kastigar Letter dated December 16, 2020 (fully executed on January 5, 2021) is attached hereto as ***Exhibit "A."***)

Additionally, attached hereto is the text of an e-mail received by counsel for the Defendant from the Government on December 16, 2020 (***Exhibit B."***), which states:

> Hi Ana,
>
> Attached please find our Kastigar letter. We look forward to receiving the password or passwords to the seized devices. This letter would cover what we obtain from any devices we access with the password(s) provided. The letter specifically excludes any violence.
>
> Thanks

Further, the second paragraph of the Kastigar Letter dated December 16, 2020 (fully executed on January 5, 2021), states, "You have expressed an interest in proffering to the government information regarding your client's factual account of criminal matters. *This includes you providing a password(s) to a computer and other devices that were seized at the time of his arrest.*" (Emphasis supplied.)  Therefore, it is clear that the immunity granted by the Kastigar Letter includes information obtained from the Defendant's computer after he has supplied the access password.

Additionally, at page 2 of the Kastigar Letter it states, *"In addition, pursuant to §1.B1.8 of the Sentencing Guidelines, none of the information provided to the United States during these debriefings shall be used against him in determining the applicable guideline range."* (Emphasis supplied.)

5.      As acknowledged by the Government in its response, "he provided a password (87 characters) to one of the hidden drives on one of his computers."

Further, the Government advises in its response that, "Once agents were finally able to get access to his computers, agents found evidence of additional criminal conduct. Prior to accessing his computers, agents had circumstantial evidence of his production and dissemination of videos and other propaganda. When they accessed his computer, they found additional evidence of each step of the process he undertook to produce the propaganda, and, most importantly, one of the methods of dissemination of the violent material." … "During the search of defendant's computer, agents discovered an audio file in which Guerra Blanco pledges, in September 2019, his allegiance to ISIS, and, at the time, its leader." … "Because of Guerra Blanco's significant knowledge of computer and internet security, he was extremely difficult to initially identify. Even after his arrest, the execution of the search warrants for his devices was hampered by the steps he had in place to protect the security of his devices. Among the many techniques he employed, he utilized numerous hidden volumes, used fictitious file endings, and disguised files as photographs."

In its response, the Government cites to matters that were *directly* obtained from the search of the Defendant's computer after he had supplied the agents with the access password, to wit: "*Threat to Spanish Judge;*" three documents entitled "*Open Source Jihad,*" and the "*Pledge to ISIS.*"

6.      At a *Kastigar* hearing, the court determines "whether any of the evidence used against the defendant was in any way derived from his compelled immunized testimony." *United States v. Schmidgall*, 25 F.3d 1523, 1528 (11th Cir. 1994). "The government has the burden of proving that all of the evidence it obtained and used against the defendant, including the testimony of other witnesses, was untainted at every step of the investigation by immunized

3

testimony." *United States v. Hill*, 643 F.3d 807, 877 (11th Cir. 2011).  In other words, the Government is required to prove that all of the evidence it intended to present was derived from independent sources and was not tainted by the illegal use of compelled immunized statements (the access password to his computer, etc.).

7.      The within emergency motion for a *Kastigar* hearing is filed in the utmost of good faith and in the interest of justice.

## COUNSEL'S CERTIFICATION OF EMERGENCY

8.      After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

This certification is based on the fact that the Sentencing Hearing in this cause is scheduled to commence tomorrow morning (January 28, 2022) at 8:30 a.m.  Yesterday (January 26. 2022) at 10:05 p.m., the Government filed its Response to Defendant's Motion for Departure and/or Variance [D.E. 80], which reflects its serious violation and further intent to violate the *Kastigar* Letter entered into between the parties.

**WHEREFORE**, Defendant, **JONATHAN GUERRA BLANCO,** respectfully prays that this Honorable Court enter its order granting his Emergency Motion for *Kastigar* Hearing as described above.

4

Respectfully submitted,

Ana M. Davide, Esq.
Florida Bar No. 875996
ANA M. DAVIDE, P.A.
 420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305) 854-6100
Fax: (305) 854-6197
E-mail:  ana@anadavidelaw.com
(Counsel for Def., *Jonathan Guerra Blanco*.)

*/s/ Ana M. Davide*_____
Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that on this 27th day of January, 2022, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record or pro se parties either via transmission

of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those

counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Ana M. Davide, Esq.
Florida Bar No. 875996
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305) 854-6100
Fax: (305) 854-6197
E-mail:  ana@anadavidelaw.com
(Counsel for Def., *Jonathan Guerra Blanco*.)

*/s/ Ana M. Davide*_____
Ana M. Davide, Esq.

5

## <u>SERVICE LIST</u>

**United States of America v. Jonathan Guerra Blanco**
**Case No. 20-CR-20245-RNS-1**
**United States District Court, Southern District of Florida**

Karen E. Gilbert, A.U.S.A.
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9161
Fax: 305-536-7213
Email: karen.gilbert@usdoj.gov

Nicole Grosnoff, A.U.S.A.
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9294
Email: nicole.s.grosnoff@usdoj.gov

Clara Lyons
U.S. Probation Officer
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 9th Floor South
Miami, FL 33128
305-523-5374
Clara_Lyons@flsp.uscourts.gov

## *Exhibit "A"*



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

*99 NE 4th Street*
*Miami, FL 33132*
*(305) 961-9161*

December 16, 2020

Ana Davide, Esq.
By E-Mail: ana@anadavidelaw.com

RE:     <u>United States v. Guerra Blanco</u>
        <u>20-20245-cr-RNS</u>

Dear Ms. Davide:

      This letter confirms the understanding and agreement between this Office, you, and your client regarding your above-captioned case.

      You have expressed an interest in proffering to the government information regarding your client's factual account of criminal matters. This includes you providing a password(s) to a computer and other devices that were seized at the time of his arrest. Accordingly, I am writing to clarify the ground rules for the proffer.

      The government requires a completely truthful statement from your client in this proffer. Any false statement to a federal agent is a violation of Title 18, United States Code, Section 1001. This Office agrees that no statements made by your client during the debriefing(s) will be offered into evidence against him as part of any government direct case. However, the government remains free to use information derived from the debriefing directly or indirectly for the purpose of obtaining leads to other evidence, which may be used against your client in any investigations or prosecutions. You expressly waive any right to claim that such evidence should not be introduced because it was obtained as a result of the debriefing. This provision is necessary in order to avoid the necessity for a *Kastigar* hearing. Furthermore, the government may use statements made in the debriefing and all evidence derived directly or indirectly there from for the purpose of cross-examination, if your client is later charged and testifies at trial, and/or in any rebuttal case against your client.

      This agreement to not use statements against him made during this proffer does not

1

include statements concerning violent acts, or violence in any form.

No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is specifically understood and agreed that this Office is under no obligation to offer you any consideration as a result of his participation in the debriefing.

In addition, pursuant to §1.B1.8 of the Sentencing Guidelines, none of the information provided to the United States during these debriefings shall be used against him in determining the applicable guideline range. Such treatment will apply even though an attorney for the government may not be present. This offer pertains only to the statements made on the dates to be agreed upon between the parties and information proffered by counsel.

If the foregoing accurately reflects the understanding and agreement between this Office and you, it is requested that you execute this letter as provided below.

Sincerely,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *Karen Gilbert*
Karen E. Gilbert
Assistant United States Attorney

I have received this letter, have read it and, I hereby acknowledge that it fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida. I state that there have been no additional promises or representations made to me by any official of the United States Government or by my attorney in connection with this matter.

Dated: _____

Witnessed by:

Dated: 1-5-21 _____

*Jonathan Guerra Blanco*
Jonathan Guerra Blanco

*Ana Davide, Esq.*
Ana Davide, Esq.

2

# *Exhibit "B"*

-------- Original message--------
From: "Gilbert, Karen (USAFLS)" <Karen.Gilbert@usdoj.gov>
Date: 12/16/20 10:29 AM (GMT-05:00)
To: ana@anadavidelaw.com
Subject: Kastigar

Hi Ana,

Attached please find our Kastigar letter. We look forwarq to receiving the password or
passwords to the seized devices. This letter would cover what we obtain from any
devices we access with the password(s) provided. The letter specifically excludes any
violence.

Thanks

<Kastigar letter Guerra Blanco.pdf>